**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

IN RE: Estate of Valerie D'Agostino

Nicholls & Crampton, P.A., Appellant,

v.

Estate of Valerie D'Agostino, Respondent.

Appellate Case No. 2014-002249

---

Appeal From Beaufort County
Marvin H. Dukes, III, Master-in-Equity

---

Unpublished Opinion No. 2016-UP-366
Submitted May 1, 2016 – Filed July 20, 2016

---

**AFFIRMED**

---

Jay Anthony Mullinax, of Law Office of Jay A. Mullinax, LLC, of Hilton Head Island, for Appellant.

James Ashley Twombley, of Twenge & Twombley, LLC, of Beaufort, for Respondent.

---

**PER CURIAM:** Nicholls & Crampton, P.A., appeals the master-in-equity's order denying its petition for allowance of a claim against the Estate of Valerie D'Agostino. On appeal, Nicholls & Crampton argues the master (1) erred by

deciding the case turned on an ambiguity within Nicholls & Crampton's letter of representation to Richard D'Agostino, Valerie's widower; (2) erred by failing to apply North Carolina law to the letter of representation; and (3) would have ruled in Nicholls & Crampton's favor had the master properly applied North Carolina law to the letter of representation. We affirm.[1]

Nicholls & Crampton failed to appeal the master's ruling that Nicholls & Crampton "[was] estopped and/or barred from now taking the position that Richard D'Agostino contracted with it in his representative capacity." Thus, this ruling is the law of the case. *See Rumpf v. Mass. Mut. Life Ins. Co.*, 357 S.C. 386, 398, 593 S.E.2d 183, 189 (Ct. App. 2004) ("Any unappealed portion of the [master's ruling] is the law of the case, and must therefore be affirmed."). Because the master's order was based on more than one ground, we affirm the master. *See Jones v. Lott*, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010) ("Under the two issue rule, whe[n] a decision is based on more than one ground, the appellate court will affirm unless the appellant appeals all grounds because the unappealed ground will become the law of the case.").

**AFFIRMED.**

**LOCKEMY, C.J., and WILLIAMS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.